G. T. GLASSCOCK v. G. M. HAZELL.

*Contract, Express or Implied—Money Had and Received—*
*Pleading.*

Plaintiff shipped, to the owner of a mill, machinery under an agreement that, if, after sixty days' trial, it proved satisfactory, the miller would purchase it at a price stipulated, and if not satisfactory, to be at shipper's order. The machinery was not tested within the time, but was put into the mill, which was subsequently purchased by defendant without notice of the agreement, who sold it to other parties. Prior to the conversion, the plaintiff demanded it, or its value, and testified that defendant promised to pay such value, which was denied by defendant: *Held,*

1. In the absence of proof of the amount received by defendant from sale of the machinery, the plaintiff could not recover upon an implied contract for money had and received.

2. But, as there was some evidence of an express promise to pay the value of the machinery, that issue should have been submitted to the jury, and it was error to charge that plaintiff could not recover.

This ACTION, an appeal from a Justice's Court, was tried at the December Term, 1889, of the Superior Court of GUILFORD COUNTY, *Graves, J.,* presiding.

The plaintiff testified in his own behalf: "I shipped to Holden & Hill, in Orange County, a twenty-five inch turbine water-wheel on trial. They said they did not have an opportunity to test it, and did not buy it. The agreement was, if they desired to purchase the wheel after testing it, they were to pay fifty dollars cash and secure the balance. The price of the wheel was two hundred dollars, and it was worth two hundred dollars. Mr. Hazell, the defendant, told me he had the wheel; that he had bought the mill and claimed the wheel. I told him I owned the wheel. He said all he wanted was his money, and he wanted me to help him sell. He said he had thirteen hundred dollars in it; I told him I thought
109 — 10

the property was worth fifteen hundred dollars, and that would pay us both. I made efforts to sell, he having asked me to help him sell it. After I heard he had sold, I went to see him, and told him I wanted my money; he said if it was my wheel he would have to pay for it.

"The time first given was sixty days; then they asked thirty days longer, as they had not tested it. I did not make any personal demand, but wrote them I wished they would remit the cash payment and give mortgage for the balance, as I supposed the wheel proved satisfactory. They were to try the wheel sixty days, and then they could buy it. I could remove it at the end of ninety days. They were not to return it, but it was to remain subject to my order. I told Hazell the wheel was mine after the sale. Said he had bought it once; said he had bought the mill, and considered he bought the wheel with the mill."

In answer to the question, " Why did you let the wheel remain?" "they said they had not tested it."

Gerringer, a witness for the plaintiff, testified: "I bought the property from Hazell; I had made one payment, when I told Hazell I did not wish to buy any lawsuit. He said a man in Greensboro—Glasscock—claimed the wheel, but he would sell it. It had been used very little when I got it. Hazell said he bought it at a mortgage sale. He sold to me for $1,800. He said he would sell me the mill and wheel, and if there was any paying to be done, he would pay Glasscock."

The defendant, on his own behalf, testified: "I bought under mortgage. I did not have any notice that Glasscock had any claim on the wheel. The wheel was in. I never promised to pay Glasscock for the wheel. I always told him I bought the wheel with the mill. I told him I would like it if he would help me sell; that I wanted my money. I had no notice at sale. Did not know of Glascock's claim until six months after."

The saw-mill and all was sold under the decree of foreclosure.

At the conclusion of the argument of counsel, his Honor instructed the jury: " The plaintiff, having failed to show the price obtained for the wheel by the defendant, cannot recov er and your verdict should be for the defendant." To which plaintiff excepted. There was a verdict and judgment for defendant, and plaintiff appealed.

*Mr. J. T. Morehead* (by brief), for plaintiff.
*Messrs. Dillard & King* and *J. E. Boyd* (by briefs), for defendant.

SHEPHERD, J.: As the plaintiff does not sue for the specific property, and as the amount claimed by him is over fifty dollars, he can only recover before a Justice of the Peace upon a contract either express or implied.

We concur with his Honor that the plaintiff could not recover upon the implied contract—that is, for money had and received—as there was no testimony to show the amount obtained for the wheel by the defendant. *Rand* v. *Nesmith,* 61 Mo., 111; *Pearsall* v. *Chafin,* 44 Pa. St. Rep., 9.

We think, however, that there was some testimony of an express agreement to pay for the wheel if it was the property of the plaintiff, and neither this testimony nor that bearing upon the title of the plaintiff was submitted to the jury. The Court seems to have treated the action as if brought for money had and received—the tort being waived—but we are of the opinion that the informal complaint filed before the Justice was broad enough to have warranted a recovery upon an express promise.

The authorities cited by the defendant do not satisfy us that the plaintiff was precluded from asserting title to the property. The plaintiff testified that Hill & Holden did not buy the wheel, but that it was delivered to them upon the

understanding that they might purchase after testing it, upon paying fifty dollars cash and securing the balance.   These terms do not seem to have been complied with, and we do not see, under these circumstances, how the title passed out of the plaintiff.   If the jury, however, should believe that it was a conditional sale (and of this there was some evidence), then the plaintiff must fail in this action, as there was no registration, and the condition would be void as to purchasers.   *Brem* v. *Lockhart*, 93 N. C., 191; *The Code*, § 1275.

Error.