A. D. PUFFER & SONS' MANUFACTURING CO. v. J. M. BAKER and K. C. HARGRAVE.

*Contract—Bailment—Trial—Evidence.*

1. Where a jury is waived, and the judge tries the facts, errors committed by him in the reception or rejection of evidence are reviewable upon appeal.

2. The admission of irrelevant testimony is not ground for a new trial, if it is apparent that it was harmless.

3. The plaintiffs and defendants entered into a contract, whereby the former "hired" and "leased" to the latter certain personal property for a fixed period. at a price ascertained, to be paid for in instalments; it was stipulated, that upon the payment of the entire sum the title should vest in the defendants, but upon failure to pay any one of the instalments the lease should terminate and the plaintiff might re-possess himself of the property: *Held*, (1) that this contract constituted a bailment; and (2) that the defendants might terminate it at any time by a refusal to pay the instalments then due, and an offer to surrender the property.

CIVIL ACTION, tried before *MacRae, J.,* at Spring Term, 1889, of EDGECOMBE Superior Court.

The plaintiffs, an incorporated company, commenced their action on April 4, 1889, before a Justice of the Peace in Edgecombe County, to recover the several sums due on four notes, each for twenty-five dollars, and maturing on August 3d, November 3d, and December 3d of that year, and the fourth on January 3d of the next year. The first, the others differing only in the time of maturity, is in form as follows:

"$25.00                    BOSTON, MASS., May 3d, 1888.

"August 3d, 1888, after date we promise to pay A. D. Puffer & Sons Mfg. Co. or order twenty-five dollars, with interest at 6 per cent., as per a lease to us of certain goods this date— value received.

"This obligation is not to be taken as a payment of the property leased in connection hereunto, under any law in any State, but only as evidence of a certain amount to be paid whenever the signers shall desire to become owners of the property leased.

"No. 2.   Due August 3d, 1888.

"BAKER & HARGRAVE.

"Tarboro, N. C."

Contemporaneously with the giving of these and other similar notes, the defendants executed the following paper, denominated a "Lease:"

"Know all men by these presents, that we, Baker & Hargrave, of Tarboro, State of North Carolina, have hired, leased and received of A. D. Puffer & Sons Mfg. Co., of Boston, Commonwealth of Massachusetts, for the term to-wit, two years and two months, ending July 3, 1890, subject to the conditions herein stated, the following described goods and chattels: One Bartholdi Wall Soda and

Mineral Water Draught Apparatus, &c., and we do promise and agree with the said A. D. Puffer & Sons Mfg. Co., their representatives and assigns, to pay them for the possessio n and reasonable use thereof for said term, the sum of seven hundred and thirty-two dollars, as rent, to be paid, cash seventy-five dollars, balance in the instalments set forth in the several obligations given by us therefor, as follows:

"July 3, 1888, fifty-seven dollars; August 3, 1888, twenty-five dollars, and twenty-four other notes, each for the sum of twenty-five dollars, and maturing, one on the 3d day of each succeeding month until they all become due and payable.

"It is further provided that upon full payment of the several obligations aforesaid, all claim and title to said property on the part of said A. D. Puffer & Sons Mfg. Co. shall cease, and the whole title shall vest in said lessee as owner; but upon any breach of the provisions of this lease, especially upon failure by the said lessee to pay the several obligations, or either of them, as they become due and payable, then this lease, and any and all claims or right on the part of said lessee under the same, or to the further use and possession of said property, shall be thereby terminated, and the said A. D. Puffer & Sons Mfg. Co. may hereafter, at any time, enter the premises where said property may be and resume possession of the same, without process of law or let or hindrance from lessee; and such of the aforesaid obligations as mature after said A. D. Puffer & Sons Mfg. Co. have resumed possession of said property, shall be taken and held to be void and returned to the lessee upon demand; said obligations are not to be taken as a payment for said goods and chattels under any law in any State, but only as evidence of the amount to be paid whenever the lessee should desire to become owner of the property."

On November 3d, when the second instalment became due, the defendants wrote to the plaintiffs that they surren-

dered the fountain, fixtures, &c., and demanded the return of the undue notes, adding at the same time that the property was subject to their command.

The plaintiffs recovered judgment before the Justice for the sum and interest due on the two first maturing notes only, and on the trial in the Superior Court, to which it was carried by plaintiffs' appeal, a similar judgment was rendered upon the facts found by the Court by consent of parties, instead of by a jury verdict, and the appellants taxed with the costs of the appeal, from which the plaintiffs appealed to this Court. The errors assigned are:—

1. The admission in evidence, after objection, of the following paper writing:

"FEBRUARY 25, 1888.

"A. D. PUFFER & SONS MFG. CO.,
Manufacturers Soda Water Apparatus,
46 and 48 Portland Street,
Boston, Mass.

"Please forward to our address, Tarboro, N. C., on or about April 1, 1888, the following described property: Bartholdi wall apparatus, &c., which we hereby agree to lease upon the following terms:

"For the first we will pay rent on delivery $75; following $57; balance $25 per month till paid for, with 6 per cent.

"And I further agree to sign the usual form of lease and obligations as used by the said A. D. Puffer & Sons Mfg. Co., and covering the above described goods and payments. They to have the right to take said property without legal process, and without liability to any person, if said rent is not paid at the time aforesaid, or if said lease and obligations are not signed and returned to said A. D. Puffer & Sons Mfg. Co. upon their request after delivery of said goods.

"But when said rent has all been paid at the times thereof, should we so elect, the title of said property shall be transferred to us, or order, by a bill of sale, in consideration of the payment by us, of the sum of 1 per cent.; otherwise the same shall be returned to them at their expense. All orders are accepted subject to any delays that may be occasioned by fire, strikes or any other unforeseen causes.

(Signed)    "A. D. PUFFER & SONS MFG. CO.,

(per L. Jernan)

"BAKER & HARGRAVE"

2. The denial of the plaintiffs' right under the contract to recover the amount due on the excluded notes.

*Mr. John L. Bridgers,* for the plaintiffs.
*Messrs. Gilliam & Son,* by brief, for the defendants.

SMITH, C. J.—after stating the case: The writing, to the introduction of which before the Court objection is made, was the initiation of the negotiation which terminated in the contract of May 3, 1888, and seems to have been secured as a preliminary part of the transaction, perhaps shedding some light upon the provisions, but not to change or in any respect modify the agreement represented in the two papers; nor does it seem to have been allowed any force or weight in putting a construction upon their terms. It was, therefore, harmless, and could have had no effect upon the mind or influenced the opinion of the trying Judge. It would be a reviewable error in the Judge, while in the exercise at the same time of his own and the functions of the jury, to admit and act upon incompetent evidence in arriving at facts, for in passing upon their admissibility he virtually instructs himself in determining what may be considered as declared therein.

Yet immaterial evidence, not calculated to mislead in passing upon disputed facts, is not error. *Patton* v. *Porter*, 3 Ired , 539; *Reynolds* v. *Magnus*, 2 Ired , 26.

More especially can no complaint be made of the ruling when it is manifest that the admitted script had no influence upon the legal result arrived at, which was based solely upon a construction of the other writings. The conclusion of the defendants' non-liability upon the two last notes was dependent upon the effect given to the writings, which together constitute the contract, about which there was no controversy.

2. This brings up the inquiry as to the correctness of the interpretation put upon the contract in its entirety. The explanatory condition annexed to the promise in the notes, evidently refers to the lease, and repels the possible inference of a purchase and mode for paying for the apparatus, while the lease itself declares the contract to be one of hiring or bailment for a stipulated term, " two years and two months ending July 3, 1890," and the promise is to pay them, the plaintiffs, "for the possession and reasonable use thereof, the sum of seven hundred and thirty-two dollars," partly in money, partly in time notes, of which those before us form part.

It is further expressly provided that, while upon full payment of the sums specified, the title should pass to the defendants, yet that, " upon any breach of the provisions of the lease, especially upon the failure of the lessee to pay the several obligations, or either of them, as they become due and payable, *then this lease and any and all claim or right* on the part of said lessee under the same, or to the further use and possession of said property, shall be thereby terminated," &c. The import of this language is too plain to admit of dispute. It creates a bailment which may last for a given period, but comes to an end, in which case the parties for the future occupy the same relations, as to the title to the

property, as before the making of the contract and further payments are dispensed with.

We think the contract was terminable by the lessees, and results from their failure to meet any one of the obligations.

The notice of defendants' intention to pay no more was, in legal effect, equivalent to such failures; in fact and *eo instanti* ended the bailment and lease. The plaintiffs then became entitled to possession of the property, and the defendants to the surrender of the undue notes, and their exoneration therefrom was effected.

There is no error, and the judgment is affirmed.

Affirmed.