* BURWELL, J., did not sit on the hearing of this appeal.
It was alleged by plaintiffs and admitted by defendant that the plaintiffs delivered the machine in controversy to one S. Eifert by a lease contract, which was duly made and registered in New Hanover County 5 December, 1884, which is as follows:
"Know all men by these presents, That I, S. Eifert, No. 16 South Second street, of Wilmington, State of North Carolina, have hired, leased and received of A. D. Puffer Sons Manufacturing Company, of Boston, Commonwealth of Massachusetts, for the term, to wit, one year ending 5 December, 1885, subject to the conditions herein stated, the following described goods and chattels: One (1) second-hand Matthews' No. 2 iron set porcelain-lined, consisting of one (1) (379) generator, two (2) cylinders complete on frame, one (1) second-hand bottling table with syrup pumps, five (5) syrup cans and base to connect.
"Manufactured by the said A. D. Puffer's Sons, and numbered 2.
"And I do promise and agree with the said A. D. Puffer's Sons, their representatives and assigns, to pay them for the possession and reasonable use thereof, for said term, the sum of $330 as rent; to be paid cash $40, balance in the installments set forth in the several obligations given by me therefor, as follows: . . .
"And it is provided that said property hereby leased is not to be removed from the premises where now located, No. 16 South Second street, in said Wilmington, North Carolina, nor the interest of the lessee under this lease to be transferred without the consent of said A. D. Puffer's Sons in writing thereto first obtained.
"And it is further provided that upon full payment of the several obligations aforesaid all claim and title to said property on part of said A. D. Puffer Sons Manufacturing Company shall cease, and the whole title shall vest in said lessee as owner. But upon any breach of the provisions of this lease, especially upon failure by the said lessee to pay the several obligations or either of them as they become due and payable, *Page 294 
then this lease and any and all claim or right on the part of said lessee under the same, or to further use and possession of said property, shall be thereby terminated, and the said A. D. Puffer Sons Manufacturing Company may thereafter at any time enter the premises where said property may be and resume possession of the same without process of law or let or hindrance from the lessee; and such of the said obligations as mature after said A. D. Puffer Sons Manufacturing Company have resumed possession of said property shall be taken and held to be (380) void and returned to the lessee upon demand. Said obligations are not to be taken as a payment for said goods and chattels under any law in any State, but only as evidence of the amount to be paid whenever the lessee should desire to become owner of the property."
It was admitted that before this suit Eifert delivered said machine to the defendant; that the possession of the said machine was demanded of the defendant, who refused to surrender the same.
It was admitted that the value of the machine described in the complaint is $330, and has been damaged by use at the rate of $2.50 per month since 16 August, 1886, when demanded of the defendant by the plaintiffs.
It is admitted that Eifert had not fully paid the sum in paper-writing entitled "Lease," hereinbefore set out, and that defendant was in possession of the machine described in the complaint, and that he refused to surrender it to the plaintiff on demand, before suit was brought.
The following issues were submitted to the jury:
1. Did the plaintiffs agree with the defendant, during the pendency of this action, to deliver a new machine at a certain value and upon certain terms and to take back the machine in controversy?
2. Did the plaintiffs deliver the said new machine, and did they perform their part of said contract?
3. What damages has defendant sustained by reason of the breach of contract on part of plaintiffs?
4. What amount, if any, is due on the old machine by Eifert under the contract set out in the complaint?
Defendant contended and introduced evidence to prove that after the institution of this action he entered into a contract with plaintiffs whereby they agreed to sell him a new machine and to take the one which he bought from Eifert (and the subject of the action) in (381) part payment. Defendant was to retain the old until the new machine was shipped. Plaintiffs subsequently refused to ship the new machine, and defendant bought one from Tuft, another manufacturer, which cost him $20 more than he was to pay plaintiffs for the new machine. He paid $300 for repairs on the Tuft machine. *Page 295 
Defendant's counsel claimed that the damages of the defendant should be the $20 difference and the $300 repairs which he paid out for the Tuft machine.
The court excluded testimony concerning the repairs, holding that the $20 was an element of damage under the third issue, but the $300 repairs was not.
The jury responded to the issues as follows: To the first, "Yes"; to the second, "No"; to the third, "$26," and to the fourth, "$70."
It is unnecessary to set out the charge of the court except upon the third issue. The defendant asked the court to instruct the jury as follows:
"That if the plaintiffs made the contract alleged and did not perform the same upon their part, and by reason of said failure the defendant was deprived of the $225 interest in the old machine, allowed by the plaintiffs, the defendant has been damaged to that extent as a part of the damages in this action." His Honor refused said instructions. Defendant excepted.
The court charged the jury upon the third issue, that the only damage the defendant had sustained by reason of the breach of contract with the plaintiffs, if there was a breach, was the sum of $20, as shown by the defendant's own testimony, being the difference between a similar machine actually purchased by the defendant from Tuft and the new machine mentioned in the agreement with Franks. Defendant excepted. Defendant moved for a new trial, on the ground that the court misdirected the jury upon the third issue on the question (382) of damages. Motion overruled. Defendant excepted.
The defendant them moved that this action be dismissed, as the jury found that the contract made by the plaintiffs with the defendant was that said new contract should put an end to this action. Overruled. Exception by defendant.
The defendant further moved that he be allowed to pay the balance found by the jury to be due, and relieve himself of any forfeiture, as he expressed his ability and willingness to do in his answer. Overruled. Defendant excepted.
Judgment rendered for the plaintiffs for the possession of the machine described in the complaint, and $162.50 damages for the detention thereof, and, in case of failure to recover the machine, then for the value thereof, $330, with interest from 16 August, 1886, in lieu of damages, and the defendant appealed.
The prayer of defendant for instruction as to the measure of damages was properly refused, the damages asked being too remote, and the instruction given in lieu was correct. The agreement found by the first issue was executory, not executed, and hence did not bar the further prosecution of the action. Indeed, its breach did not furnish ground for a proper counterclaim in this action since it did not exist "at the commencement of the action." The Code, sec. 244 (2);Hogan v. Kirkland, 64 N.C. 250; Reynolds v. Smathers, 87 N.C. 24. But the plaintiff is not excepting thereto.
(383) We think, however, the court erred in refusing the last motion. "Where the transaction between the parties is in reality, and in its legal effect, a contract of sale conditional upon the payment of the purchase price in successive installments, it cannot be modified, nor its legal effects avoided by the fact that they speak of it as a `lease' and call the installments `rent.'" 3 A. E., 426, and the numerous cases there cited. The principle applicable is thus clearly stated by Davis, J., inHervey v. Locomotive Works, 93 U.S. 664: "It was evidently not intended that this large sum should be paid as rent for the mere use of the engine for one year. If so, why agree to sell and convey the full title on the payment of the last installment?"
This view is in accordance with well recognized legal principles, is supported by "the reason of the thing" and sustained by the overwhelming weight of authority. Such contracts as the one in question are becoming greater in frequency and general interest. They are principally used in connection with the sale of sewing machines, pianos, furniture, soda-fountains, rolling stock on railroads, and the like. The intent and agreement clearly expressed that upon the payment of the last installment of so-called "rent" the thing leased shall become the property of the lessee, stamps unmistakably the true nature of the transaction. To permit the so-called "lessor" to resume possession of the property and declare all payments forfeited when perhaps all but one may have been paid, is contrary to the fundamental principles observed in Courts of Equity.
Among the very few cases which may be considered as holding or intimating a contrary opinion is one from our own courts, Puffer v.Baker, 104 N.C. 248. An examination of that case shows that it holds that the contract (which is like the one before us) was "terminable by the lessees," and that upon such termination the obligation of all future notes for rent became null. In this we concur. It is as if upon (384) a paper which is on its face a deed of conveyance with forfeitures, but which in equity is a mortgage, the vendee should avail himself of the forfeiture and throw up the contract instead of asking in equity to be relieved of the forfeiture upon paying the balance, or, for *Page 297 
a sale. Not asking for his equity, he is remitted to his legal rights. The vendor has no equity to assert, as he has his remedy at law to recover the property on breach of the condition.
It is true that the decision in Puffer v. Baker, supra, may be further construed as meaning that upon the failure to make any payment, as it becomes due, the vendor can resume possession of the property without any equitable right in the vendee to call for an account and a sale of the property. We hardly think the court intended to go so far. But if that is a just construction of the language used, the decision does not meet with our concurrence. In Foreman v. Drake, 98 N.C. 311, the lessee had an "option" and the title did not pass, as in the present case, ipso facto upon performance of the conditions; i. e., on payment of the last installment of "rent."
The judgment below should be modified by permitting the defendant in a reasonable time (to be stated by the Court) to pay the sum found to be due plaintiff after deducting the counterclaim from the balance remaining unpaid of the purchase-money, with interest, and if not then paid, a sale of foreclosure to pay off such balance and the costs of the action, the residue, if any, to be paid to the defendant.
The appellee will pay the costs of the appeal.
ERROR. MODIFIED.
Cited: Crinkley v. Egerton, 113 N.C. 447, 451; Clark v. Hill,117 N.C. 12; Barrington v. Skinner, ib., 52; Mfg. Co. v. Gray,121 N.C. 170; Wilcox v. Cherry, 123 N.C. 84; Phipps v. Wilson,125 N.C. 107; Yarborough v. Hughes, 139 N.C. 203; Smith v. French,141 N.C. 9; Hamilton v. Highlands, 144 N.C. 283, 285; Hauser v. Morrison,146 N.C. 252; Hicks v. King, 150 N.C. 371; Piano Co. v. Kennedy,152 N.C. 200; Guy v. Bullard, 178 N.C. 230; Sewing Machine Co. v. Burger,181 N.C. 252.
(385)