## W. J. BERRY v. ABRAHAM M. ELLIS.

### (Filed 27 January, 1931.)

**1. Process E a—Interest of mortgagee in mortgaged property is not sufficient to support attachment for purpose of acquiring jurisdiction.**

Where the mortgagor is in possession of the lands in this State the interest of a nonresident mortgagee therein is not subject to attachment levied for the purpose of having the court obtain jurisdiction.

**2. Chattel Mortgages A a — Contract will be construed as a chattel mortgage when in substance the agreement of the parties amounts thereto.**

Where the written agreement between the parties is in legal effect a chattel mortgage it will be so construed though upon its face it purports to be a lease contract.

**3. Process B f—Where attachment is void because property levied upon is insufficient to support writ the action will be dismissed.**

Where a nonresident defendant has had his property in this State attached for the purpose of bringing him within the jurisdiction of our courts, and it is made to appear that his interest in the property was insufficient for a valid attachment, the action will be dismissed on his motion made in a special appearance for that purpose, when he has not otherwise been legally served and he has not waived his rights.

APPEAL by plaintiff from *Harris, J.,* at August Term, 1930, of DURHAM. Affirmed.

This is an action to recover the statutory penalty for usury (C. S., 2306), charged by defendant and paid by plaintiff on a loan of money, evidenced by notes executed by plaintiff and payable to defendant, in

accordance with the provisions of two certain agreements in writing executed by both the plaintiff and the defendant.

The defendant is a nonresident of this State. Summons in this action was served on defendant in the city of Philadelphia, in the State of Pennsylvania, in accordance with the provisions of C. S., 491. No summons has been served on him personally in this State, nor has he entered a general appearance in the action, or otherwise waived service of summons.

On motion of plaintiff, a warrant of attachment commanding the sheriff of Durham County to attach and safely keep all the property of the defendant found in said county was issued in this action to the said sheriff on 13 February, 1930. The return of said sheriff endorsed thereon shows that under the said warrant of attachment, he levied on certain hosiery mill machinery located in Durham County, and fully described in said return. It is stated in the return that the defendant owns or claims an interest in said property. Notice of summons and warrant of attachment was duly published as required by statute. C. S., 485.

On 14 March, 1930, the defendant, through his attorneys, entered a special appearance in the action, solely for the purpose of moving that the levy of attachment on the property described in the return of the sheriff of Durham County, be vacated and the action dismissed, on the ground: (1) that the defendant is a resident of the State of New Jersey and has not been personally served with summons in this action, while in the State of North Carolina; and (2) that defendant has no interest in the property located in Durham County and described in the sheriff's return, which is subject to levy under a warrant of attachment.

Upon inspection of the two agreements in writing, executed by plaintiff and defendant, copies of which are attached to the complaint, as exhibits, the court was of opinion, and so found, that under the provisions of said agreements, as properly construed, the plaintiff is a mortgagor and the defendant a mortgagee with respect to the property described in said written agreements, which is the same property as that levied on by the sheriff of Durham County under the warrant of attachment issued in this action.

On the facts found by the court, and in accordance with its opinion that defendant has no interest in the property described in the sheriff's return to the warrant of attachment, which is subject to attachment, it was ordered and adjudged that the levy of attachment on said property be and the same was vacated, and thereupon the action was dismissed.

From this judgment, plaintiff appealed to the Supreme Court.

*W. B. Umstead and McLendon & Hedrick for plaintiff.*
*Smith & Joyner and Pharr & Currie for defendant.*

CONNOR, J. The agreements in writing executed by the plaintiff and the defendant, with respect to the property described therein, which is the identical property on which the sheriff of Durham County has levied under the warrant of attachment issued in this action, although in the form of leases, by reason of the manifest purpose of the parties, as disclosed by the terms of said agreements, are in reality conditional sales agreements. If not so construed, the notes referred to therein are for rent, and not for money loaned, as contended by plaintiff. The defendant concedes that the transactions between the parties as shown by their agreements were not in reality leases; he contends that these transactions were sales of the property and that the notes are for purchase money. Both plaintiff and defendant rely, therefore, upon the construction of their agreements in accordance with which it must be held that they are conditional sales agreements. As so construed, the legal effect of each of said agreements is that the title to the property described therein remains in the defendant, the nominal lessor, only for the purpose of securing the payment of the notes executed by the plaintiff, the nominal lessee. It is expressly stipulated in each of said agreements, that upon the payment of said notes by the plaintiff, and of a relatively small sum of money in addition thereto, the title to said property shall vest in the plaintiff as purchaser.

In the leading case in this State of *Puffer v. Lucas,* 112 N. C., 377, 17 S. E., 174, the principle applicable in the construction of agreements such as those executed by the plaintiff and the defendant, in the instant case, is stated as follows: "Where the transaction between the parties is in reality and in its legal effect, a contract of sale conditional upon the payment of the purchase price in successive installments, it cannot be modified, nor its legal effect avoided, by the fact that they speak of it as a lease, and call the installments rent."

In *Hamilton v. Highlands,* 144 N. C., 279, 56 S. E., 929, it is said: "This Court has steadily adhered to this just and equitable construction of such contracts." See cases cited in the opinion.

Both *Puffer v. Lucas, supra,* and *Hamilton v. Highlands, supra,* have been frequently cited and approved in subsequent decisions of this Court and are conclusive authorities in support of the construction of the agreements of the parties to this action, under which it was held by the court below that the title of the defendant to the property on which the sheriff of Durham County levied under the warrant of attachment issued in this action, is that of a mortgagee. *Acceptance Corp. v. Mayberry,* 195 N. C., 508, 142 S. E., 767, and cases cited.

For this reason, it must be held that the interest of the defendant in said property was not subject to attachment. The statement of the law by Prof. McIntosh, in his "North Carolina Practice and Procedure," on page 934, is supported by the decisions of this Court. He says that the officer to whom a warrant of attachment has been issued "may levy upon the share of a tenant in common in personalty *(Ins. Co. v. Davis,* 68 N. C., 17); or upon the equity of redemption of a mortgagor of chattels (C. S., 677); but the interest of the mortgagee in the property contained in the mortgage is not subject to levy, such interest being only incident to his debt, which can be reached under garnishment proceedings. *Bowen v. King,* 146 N. C., 385, 59 S. E., 1044." In the latter case it is said: "In the absence of statutory provision, the interest of a mortgagee in personal property while the mortgagor remains in possession, having also an interest therein, is not subject to levy by direct seizure, either under attachment or execution." Freeman on Executions, secs. 118-184, 20 A. & E. Enc., 974. See, also, *Willis v. Anderson,* 188 N. C., 479, 124 S. E., 834, and *Stevens v. Turlington,* 186 N. C., 191, 119 S. E., 210.

In the instant case, the property on which the attachment was levied was at the time of the levy in the possession of the plaintiff, who under his agreement in writing with the defendant, had the right to such possession as a mortgagor, and also the right, both in law and in equity, to redeem said property by the payment of his notes held by the defendant, and thus become the absolute owner of the property.

The question discussed in the briefs as to whether a warrant of attachment against the property of a defendant in an action to recover a statutory penalty for usury may be granted, is not presented on this record. It has, therefore, not been considered or decided. See C. S., 798. There is no error in the judgment, It is

Affirmed.