SZABO FOOD SERVICE, INC. OF NORTH CAROLINA v. BALENTINE'S, INC., DEFENDANT, AND WAKE COUNTY, ADDITIONAL DEFENDANT

No. 7310SC708

(Filed 24 October 1973)

**1. Uniform Commercial Code § 71— conditional sale of restaurant equipment**

Where plaintiff and defendant entered into an agreement whereby defendant was to have the use of certain restaurant equipment, furniture and fixtures for a given term, at which time plaintiff agreed to transfer the equipment without further charge to defendant, the agreement between the parties provided plaintiff with a security interest in the equipment and was in reality a conditional sale of the items, not a leasing or bailment arrangement. G.S. 25-1-201(37).

**2. Taxation § 25— ad valorem taxes — owner of conditional sales contract property — definition**

The vendee of personal property under a conditional sale in which the vendor retains the title as security is considered the owner of the property provided the vendee has possession of or the right to use the property; therefore, defendant who was in possession of restaurant equipment which was the subject of a conditional sales agreement was the owner of the property and was the proper party to list the property for ad valorem taxes. G.S. 105-306(c)(2).

APPEAL by plaintiff from *Hobgood, Judge,* 19 March 1973 Session of Superior Court held in WAKE County.

This is an action brought under the provisions of the Uniform Declaratory Judgment Act, Chapter 1, Article 26, of the General Statutes of North Carolina by Szabo Food Services, Inc., of North Carolina (Szabo) against Balentine's, Inc. (Balentine's) and Wake County. The action seeks an adjudication of the liability and responsibility of Szabo and Balentine's for the listing of certain personal property for *ad valorem* taxes with the Tax Supervisor of Wake County and for the payment of such taxes applicable to this property for the tax years 1970 through 1973.

The personal property which comprises the focal point of this action is certain restaurant equipment, furniture, and fixtures at Balentine's Cafeteria in Raleigh, North Carolina, which Szabo purchased from Balentine's in 1966.

On 14 August 1969 Szabo and Balentine's completed an agreement, the terms of which required Balentine's to resume the operation of Balentine's Cafeteria and Szabo to agree "that Balentine's shall have use of all existing equipment located in the demised premises, an inventory of the same to be prepared and signed by Szabo and Balentine's. Provided there is no termination of this agreement prior to the end of the term under the sublease with J. W. York, Szabo agrees to transfer said equipment without further charge to Balentine's at the termination of the sublease with J. W. York. Prior to that time Szabo agrees that Balentine's may use said equipment as long as Balentine's occupies the demised premises at any place and in any manner it determines."

For the tax year 1970, the Tax Supervisor of Wake County listed the personal property involved in this case to Szabo and Szabo paid the taxes as assessed. Szabo subsequently informed the Tax Supervisor that this property had been improperly listed, the taxes improperly paid, and sought a refund which was denied. Thereafter in the tax years of 1971 and 1972 Szabo refused to list said personal property and informed the Tax Supervisor that Balentine's was the proper party to list the property and pay the taxes. Balentine's has neither listed nor paid the taxes, and in fact, contends in its answer that Szabo is responsible for the taxes.

After hearing this matter, the court determined that Szabo was responsible for listing and paying the taxes on this restaurant property. From this decision the plaintiff appealed.

*Bailey, Dixon, Wooten & McDonald by Wright T. Dixon, Jr., and Kenneth Wooten, Jr., for plaintiff appellant.*

*Purrington, Hatch & Purrington by A. L. Purrington, Sr., for defendant appellee, Balentines, Inc.*

*J. Bourke Bilisoly for third party defendant appellee, Wake County.*

HEDRICK, Judge.

The key inquiry in the instant case is the determination of the nature of the 14 August 1969 agreement which exists between Szabo and Balentine's. Upon resolution of this matter, reference must then be made to N. C. G.S. 105-304(a) and G.S. 105-306(c)(2), the 1972 amended version of G.S. 105-304(a),

which controls the effect that this legal arrangement has on who must list the personal property for *ad valorem* tax purposes.

[1] Initially, it is imperative that we recognize that just because the parties clothe their agreement in lease terminology or label the arrangement a bailment, does not preclude the possibility that we are dealing with a different type of transaction. *Puffer v. Lucas*, 112 N.C. 378, 17 S.E. 174. Although the present agreement between Szabo and Balentine's, particularly in reference to the equipment in question, in form purports to be a bailment or lease, we are compelled to pierce this subterfuge and find that in substance the parties have actually entered into a conditional sales agreement. See, White and Summers, Uniform Commercial Code, § 22-3, pp. 762-763; Henson, Secured Transactions, § 3-12, pp. 28-29.

The critical fact present in the agreement between plaintiff and defendant is that Balentine's will become owner of the restaurant equipment, furniture, and fixtures at the end of the term of the agreement without being required to pay any additional consideration. G.S. 25-1-201(37) of the Uniform Commercial Code in pertinent part states: ". . . an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security." Therefore, the agreement entered into between Balentine's and Szabo constituted not a leasing or bailment arrangement, but rather provided Szabo with a security interest in the cafeteria equipment and is in reality a conditional sale of these items. See, *In Re Brothers Coach Corp.*, 9 U.C.C. Rep. Serv. 502 (E.D. N. Y. 1971); *Nickell v. Lambrecht*, 29 Mich. App. 191, 185 N.W. 2d 155 (1970); *In Re Dennis Mitchell Industries, Inc.*, 280 F. Supp. 433 (E.D. Pa. 1968).

[2] Both G.S. 105-304(a) and its 1972 amended version, G.S. 105-306(c)(2), declare that the vendee of personal property under a conditional sale in which the vendor retains the title as security shall be considered the owner of the property provided ("if" in the 1972 version) the vendee has possession of such property or the right to use the property. Thus, as a result of Balentine's being presently in possession of the cafeteria equipment and our finding that the transaction between Szabo and Balentine's qualifies as a conditional sale, it follows that the trial court erred in concluding as a matter of law that Szabo

was the proper party to list the personal property; and the judgment is

Reversed.

Chief Judge BROCK and Judge BALEY concur.