Daniel, J.
 

 The defendant (in the County of Cabarrus,) sold to the plaintiff a tract of land, lying in the neighboring County of Davie, which land the plaintiff had never seen. At the time of the contract and at the time of the execution of the deed’, the defendant said that the land was worth about three dollars per acre — that it had sold for five or six hun-| dred dollars, and that it was good land. It was alleged by the plaintiff that those assertions were all false, and known to be false by the defendant when he made them.,/ The Judge ' informed the Jury that an action of deceit would not lie, admitting that the representations were false and fraudulent, if it was the plaintiff’s own fault not to liave informed himself of the truth of the matter, if by reasonable diligence he could have done so-that if he could have informed himself, as to the value of the land, by going upon it and there making an examination for himself, or if he could, by making inquiries, have ascertained for what amount it sold, (as he might have done in this case,) he could not maintain the action, though the affirmation were false; that if he could have ascertained the truth by reasonable diligence; it was his own folly to trust to the representations of the vendor. We do not see any error in this charge of the Court. The true rule is stated to be, that the seller is liable to- an action of deceit, if he misrepresent the quality of the- thing sold, in some particularsNn which the buyer has not equal means of knowledge with himself; or if he do so in such a manner as to induce the buyer to forbear making the inquiries, which for his own security and advantage he would otherwise have made.
 
 2
 
 
 *35
 
 Kent’s Com. 487. The misrepresentation must be of a kind, the falsehood of which was not readily open to the other party. Per Taylor, C. J.
 
 Fagan
 
 v
 
 Newsom,
 
 1 Dev. 22. The cases have gone so far as to hold, that if the seller should ever falsely affirm, that a particular sum had been bid by others for the property, by which means the purchaser was induced to buy, and was deceived as to the value, no relief was to be afforded; for the buyer should have informed himself from proper sources of the value, and rit was his own folly to repose on such assertions, made by a person whose interest might so readily prompt him to invest the property with exaggerated value.
 
 2
 
 Kent’s Com. 486. (3d edit.) 1 Rolles’ Ab. 101.
 
 Leakins
 
 v
 
 Clissel,
 
 1 Sid. Rep. 146. 1 Lev. Rep. 102.
 
 Lysney
 
 v Selby, 2 Ld. Ray. 1118. If the false representation had been made of the
 
 rent,
 
 then
 
 it seems
 
 that it would sustain the action.
 
 2
 
 Kent’s Com. 487, (3d edit.,) in note, where all the authorities are collected. In this case the plaintiff might have had equal knowledge with the defendant of the value of the land, if he had used reasonable diligence.
 

 We think that the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.