Nash, C. J.
 

 The case presents the question, whether an action of deceit can be brought for a fraud perpetrated by a vendor, in showing to the vendee, what he knew was not his, as being his, in order to induce him to make the purchase. The plaintiff alleges, that when he made the contract with the defendant, he showed him land that did not belong to him, and asserted to him, that his land extended up to a line which is called the
 
 “
 
 speculation line that when the conveyance was made, he renewed the assurance. The conveyance was made by metes and bounds which did not extend to that line, and there were one hundred and thirty-six acres between the defendant’s land and the “speculation line.” This land had been shown by the defendant, before the conveyance was executed, as part of his tract.
 

 This is not a new question in this State. In
 
 Fagan
 
 v.
 
 New
 
 som, 1 Dev. Rep. 20, the doctrine is asserted that a purchaser is not entitled to an action of deceit, if ho may readily inform himself as to the truth of the facts. The defendant, to induce the plaintiff to buy the land, showed him two acres of bottom land, which he represented as a part of the land he was selling. The defendant tendered a deed which did not include the bottom, and plaintiff refused to receive it. There the plaintiff could have informed himself whether the bottom did belong to the defendant or not. A stronger case is that of
 
 Saunders
 
 v.
 
 Hatterman,
 
 2 Ire. 32. The land was represented by the defendant as worth three dollars per acre ; that it had sold for five or six hundred dollars. These representations
 
 *225
 
 were false. As in this ease, the contract was completed by a conveyance, and the action was for the fraud. The contract was made, and the conveyance executed, in the county of Cabarrus, and the land lay in Davie. The Court say, if the plaintiff, by using reasonable diligence, could have ascertained the truth, it was his own folly to trust to the representations of the vendor. In this case, the defendant alleged his land extended to the “Speculation” line. The plaintiff accepted a conveyance, by metes and bounds which did not extend to that line. The mode and facility of ascertaining that fact was ojien to him, equally with the defendant, by a survey which he ought to have insisted upon before receiving the conveyance ; it was his own folly not to have done so. If this were not so, -it would create endless confusion and litigation, and we should be called on continually to investigate frauds in contracts of land, whore there is a conveyance, under parol evidencé.
 
 Viyilantibus non dormieniibus servit lex.
 

 Ilis Honor instructed the jury, if they believed the evidence, the plaintiff was entitled to their verdict. In this there is error.
 

 Per Curiam.
 

 The judgment is reversed, and a
 
 venire de now
 
 awarded.