SINGER MANUFACTURING Co. *v.* W. P. AND L. A. COLE.

4 L 439
9 L 396

CONTRACTS. *Sewing machine. Rent. Sale.* A contract to "rent" a machine at a fixed monthly rental, on payment of a certain number of which the renter becomes owner, is not a renting, but a sale, and is valid.

FROM GIBSON.

Appeal in error from the Humboldt Law Court. G. B. BLACK, J.

MCDEARMON & TYREE for Company.

H. T. JOHNSON for Cole.

FREEMAN J., delivered the opinion of the Court.

This suit is brought on the following contract:

"Rent note. No salesman allowed to make any contract other than is printed or written on this note. Fifteen months after date, for value received, I promise to pay to the order of the Singer Manufacturing Company ninety-five dollars, for the rent of their sewing machine, with interest at ten per cent. after maturity, and payable at Picketsville, Tennessee.

"It is agreed and understood between the

makers, endorsers and payee of this note, that the Singer sewing machine number (giving it), for the use of which to the maturity of this note is given, is, and shall remain, the property of the Singer Manufacturing Company, and in default of payment, the said machine shall be returned to them or their agent in good order, and they or their agent are authorized to take possession of the same without process of law. On payment of this and all other notes, (given for the use of this machine) a bill of sale will be given, and title to same passed to the lessee; but until then, the title to the machine shall remain in the Singer Sewing Machine Company.

"L. A. SENTER.

"M. A. SENTER.'

The facts shown in the record are that L. A. Senter, an unmarried lady, purchased or bargained for the machine, which was delivered to her at the time of the execution of this instrument. She has since intermarried with defendant, W. P. Cole.

The Circuit Judge charged the jury, following, we assume, a case from Minnesota, *Domestic Sewing Machine Company* v. *Anderson*, May No. L. R., 1877, that in case of a sale and delivery of personal property, an agreement by the purchaser to pay the vendor for the future use of the same, or to deliver it up to him on demand, is repugnant to the contract of sale, and is void. The receipt of the property by the purchaser furnishes

no valid consideration for such an agreement. The idea that underlies his Honor's view of the case is, that there was first a purchase, and then a renting of the machine purchased, and such seems to be the view of the Minnesota Court.

This is not the fair construction of the contract, when we place ourselves in the situation of the parties, and take in all the circumstances of the case, as we may do to ascertain the meaning of the writing. It is true it is called a renting of the machine, but this is not the fact, nor true construction of the transaction. It was a sale of the machine, with a reservation of the title to the company, as security for payment of the price. The fact that it is called a renting does not make it so. In order to make it a renting of a purchased machine, we must say it was sold for nothing, and then rented to the purchaser by the vendor for fifteen months for ninety-five dollars, this being the only sum ever agreed to be paid. This would be absurd. However reprehensible and calculated to excite suspicion of unfairness this contract may appear, with its verbiage expressing literally a different meaning from what was intended, or was the truth of the case, we do not think proper to follow the technical view of the opinion referred to, and hold the contract void. The party has undertaken to pay ninety-five dollars, in terms for rent, but in fact for the purchase of the machine, and is bound, as far as we

can see from this record, to meet the obligation contracted.

Without further discussion, let the judgment be reversed, and the case be remanded for a new trial.