BREM & McDOWELL v. J. A. LOCKHART, Assignee.

*Conditional Sales—Mortgages—Deeds in Trust—Creditors—Purchasers for Value—Registration—Delivery.*

1. The effect of the recent act requiring all conditional sales of personal property to be reduced to writing and registered, is to render inoperative, as against creditors and purchasers for value, so much of the contract as reserves the title in the vendor unless and until the contract is registered. The Code, §§1275, 1254.

2. A trustee or mortgagee, whether for old or new debts, is a purchaser for a valuable consideration, within the provisions of the 13th and 27th Elizabeth. The Code, §.

3. Deeds in trust and mortgages are, as between the parties thereto, when registered, effectual from their delivery.

(*Clayton* v. *Hester,* 80 N. C., 275; *Vasser* v. *Buxton,* 86 N. C., 335; *Potts* v. *Blackwell,* 4 Jones Eq., 58; *Moore* v. *Ragland,* 74 N. C., 343; *Freeman* v. *Lewis,* 5 Ired., 91; *McKoy* v. *Gilliam,* 3 Jones Eq., 449; *Leggett* v. *Bullock,* Busb., 283; *Roberson* v. *Willoughby,* 70 N. C., 358, cited and approved, and *McKoy* v. *Gilliam,* 65 N. C., 130, disapproved).

This was a CIVIL ACTION pending in the Superior Court of ANSON County, and heard by *Avery, Judge,* at Chambers, on Spring Circuit, 1885, upon a case agreed.

There was judgment for the defendant, from which the plaintiffs appealed.

*Messrs. Little & Parsons,* for the plaintiffs.
*Mr. John D. Shaw,* for the defendant.

SMITH, C. J. On February 27, 1884, in pursuance of an application in writing made by G. J. Redfearn to the Barn Safe Company, the latter sold and delivered to him a Number 6 Iron Safe, at the price of one hundred and ten dollars, in which is contained the following stipulation :

"It is agreed that the title of said safe shall not pass until notes are paid, or safe paid for in cash, but shall remain your

(the vendor's) property until that time." The purchase money has not been paid, nor has the contract been proved and admitted to registration.

On December 16, 1884, Redfearn becoming insolvent, made an assignment of his stock of goods, including the safe, which is specially mentioned, and other property, to the defendant James A. Lockhart, in trust to secure debts, large in amount, and in the order therein mentioned—the debt for the safe among them, and in a remote class—under which the trustee took possession.

On or about the first day of October of the same year, prior to said assignment, the plaintiffs, for value, became the owners of the claim due the company, with notice of all the rights, title and equity appertaining thereto under the said contract; the trustee had no notice at the time of the conveyance to him of the said contract, or of its provisions and conditions.

These facts are agreed to, and submitted as a controversy without action, as authorized by §567 of The Code, for the determination by the Judge of the question, in whom rests the legal title in the safe, and for whom judgment shall be rendered.

The Judge, being of opinion against the plaintiffs, gave judgment accordingly, and therefrom they appealed.  -

Previous to the act of 1883, conditional sales of personal property with a retention of title until the purchase money was paid, were upheld as valid without registration, notwithstanding they partook very much of the nature of those securities which are required to be registered. *Clayton* v. *Hester*, 80 N. C., 275; *Vasser* v. *Buxton*, 86 N. C., 335, are the later cases on the subject. But to avoid the similar mischiefs arising from the unknown separation of title from possession which such contracts were apt to produce in deceiving creditors and purchasers, in that year the General Assembly enacted that " all the conditional sales of personal property, in which the title is retained by the bargainor, shall be reduced to writing and registered in the same manner, for the same fees, and with the same legal effect, as is provided for chattel mortgages." The Code, ch. 27, §1275.

The statute applicable to chattel mortgages or deeds conveying personal property in trust to secure debts, to facilitate the making of which a form is given, thus extended to conditional sales or contracts in which the title remains in the vendor as a security for the purchase money, declares them to be "good to all intents and purposes *when the same shall be* duly registered according to law." §1274.

These instruments are thus brought under the operation of the previous general law, which refuses any validity to deeds of trust or mortgages of real or personal estate as against creditors and purchasers for a valuable consideration from the bargainor and mortgagor until they are registered. §1254. The effect produced by this legislation upon conditional sales of personal goods is to render inoperative so much of the contract as undertakes to reserve property in the vendor as a security for the purchase money, unless and until the contract is registered, and, so far as creditors and purchasers for value are concerned, the transfer must be absolute and unconditional.

Now while there is some diversity of opinion on the question whether an assignment to secure existing debts is a conveyance to a purchaser "for money or other good consideration" within the meaning of the statute of 27 Elizabeth; or "for the full value thereof" and without notice, as modified by the Act of 1840–'41, as it is admitted such purchaser is, to whom an assignment may have been made to secure an indebtedness created at the same time, the distinction is expressly denied by this Court after an able and exhaustive argument from Mr. Rodman, since a member of this Court, to the contrary in *Potts* v. *Blackwell,* 4 Jones Eq., 58. In this case BATTLE, J., speaking for the Court, says: "Whatever distinction there may have formerly been supposed to exist between conveyances, either in trust or by way of mortgage to secure these different classes of debt, it must, we think, be regarded as now exploded."

Again: "A deed in trust executed *bona fide* for the security of

13

actual creditors, *whether for debts old or new,* must then, in our opinion, be regarded as a conveyance for value under the statute 27 Elizabeth."

In *Moore* v. *Ragland,* 74 N. C., 343, Rodman, J., who made the argument in the preceding case, delivered the opinion of the Court, and uses this language: "It is admitted that a mortgagee by mortgage to secure a present loan, is a purchaser for value under 27 Elizabeth—*Freeman* v. *Lewis,* 5 Ired., 91—and it must be held to be settled in this State by the case of *Potts* v. *Blackwell,* 4 Jones' Eq., 58, that there is no difference between such a mortgagee and one who takes a mortgage to secure a pre-existing debt," quoting the words already recited.

Yet, in an intermediate case, *McKay* v. *Gilliam,* 65 N. C., 130, before the Court at January Term, 1871, when it became necessary to determine the meaning of the act of 1861, and whether the provision in it which required deeds in trust and mortgages to provide for the *pro rata* payment of all debts due by the maker, was applicable to such conveyance when made to secure a contemporaneously created obligation, the Chief Justice, outside of the necessities of the decision, says: "The distinction between pre-existing debts and a debt growing out of the very transaction is well settled. The former do not constitute a valuable consideration in favor of a purchaser under 27 Elizabeth, the latter does."

Evidently, in this inadvertent recognition of a distinction between the two classes of deeds in trust in which in *Potts* v. *Blackwell,* the Court declares, "*as now exploded,*" the attention of the Chief Justice seems not to have been called to the ruling in that case, and what is more singular, to have overlooked what he himself aid when the same case was before the Court at the previous term, on an original hearing.   3 Jones' Eq., 449.

He then thus answers the inquiry: "Is a deed of trust or a mortgage made to secure an existing debt a conveyance for valuable consideration?"

"It is a settled principle, acted upon every day, that the trustee or mortgagee is a *purchaser for a valuable consideration within*

*the provisions of the* 13*th and* 27*th of Elizabéth;* but it would seem that they take subject to any equity that attached to the property in the hands of the debtor, and cannot discharge themselves from it on the ground of being purchasers without notice," &c.

The ruling of the Court in the case of *Potts* v. *Blackwell* must be deemed to have conclusively settled the law in this State upon the before mooted point, and a different interpretation cannot be allowed to be put upon the words—" purchased for a valuable consideration"—and in the act that requires registration.

While unregistered deeds in trust and mortgages are inoperative against creditors and purchasers for value until registered, and from the time of registration, like other deeds that are required to be registered, they are, when registered, effectual as between the parties from the delivery. *Leggett* v. *Bullock,* Busb. L., 283 ; *Roberson* v. *Willoughby,* 70 N. C., 358. The contract, the effect of which is now in dispute, has never been admitted to registration, and as the defendant is an assignee for a valuable consideration and without notice of the contract of sale, his title must prevail. We therefore affirm the judgment.

No error.                                         Affirmed.