C. C. FOREMAN v. ANN E. DRAKE, J. F. DRAKE and E. M. ANDREWS.

*Bailment—Contract—Conditional Sale—Hiring.*

1. A conditional sale must be in writing and registered before it can operate against creditors or purchasers for value.

2. A contract for hiring need not be in writing.

3. Where A entered into a contract with D, whereby the latter " agreed to hire " and receive certain personal property for a fixed period, agreeing to pay for the use thereof a certain sum, in installments, and whereby it was also stipulated that D might purchase the property at any time during the said period at a price identical with the sums of the installments; *Held*, that this was not a conditional sale, but a bailment—a contract of hiring, and was valid without registration.

CIVIL ACTION, tried before *Gilmer, Judge,* at Spring Term, 1887, of STANLY Superior Court.

This action was brought against Drake and his wife, the *feme* defendant, to recover the possession of certain personal property—furniture—mentioned and described in the complaint.

The defendant Andrews suggested to the Court that he was the owner of the property mentioned, and upon proper application, was made a party defendant, and in his answer set up his title to the property.

It appeared that in February of 1886 the plaintiff leased to the defendant Drake a hotel building, including the furniture therein, and the land on which the same was situate, for the term of three years, for certain rents to be paid from time to time, and to secure the payment thereof the following clause was inserted in the contract of lease:

"The said party of the second part, as a part of this whole agreement and transaction, covenants and agrees to purchase such furniture for the hotel and cottages connected therewith as may be necessary to put the rooms thereof and therein in good habitable and comfortable condition, said furniture to include such as sitting room, parlor. bedroom, dining room and kitchen furniture; said furniture to be at least of the value of five hundred dollars, said value to be determined by cost of putting the same in, the same to be put on the premises by July 15th, 1886. All such furniture, of whatever kind and description, is hereby bargained and sold and conveyed to C. C. Foreman, in trust for and as security to him for the payment to him of the amount stipulated for as aforesaid, and of such and any damages which may accrue to him as arising out of this contract."

The contract of lease was duly proven and registered, and on the trial the plaintiff put the same in evidence. Likewise, on the trial, the defendant Andrews offered in evidence a paper writing, of which the following is a copy:

"FURNITURE LEASE."

"This certifies that I, A. E. Drake, now residing at Rocky River Springs, N. C. have received of E. M. Andrews, of Charlotte, N. C., twenty No. 2 beds, twenty mixed mattresses, twenty 3 (row) springs, twenty 3 ft. w. stands, six upholstered cots, five doz. oak chairs, one doz. perf. seat chairs, one doz. perf. seat chairs, thirty-six shades, one bureau, one glass, twelve 10 x 17 A. M. glass, six table chairs, valued at $296.25, which I am at

liberty to use with care, keeping the same in good order.   I have agreed to hire said furniture for the term of $4\frac{1}{2}$ months from this date, and pay the sum of $296.25 as rent therefor, in the following manner, viz.: $100 on the 1st of July, $100 on the 1st day of August, $96.25 on the 1st of September, 1886, at his store in Charlotte, N. C., until the end and expiration of said time, without notice or demand.   But if default be made in either of said payments, or of notes which I may have given in lieu thereof, or if I shall sell or offer for sale, or remove the said furniture from the house at Rocky River Springs, in Stanly County, N. C., without the written consent of said E. M. Andrews or his agent, then and in that case the said E. M. Andrews, or his agent, may assume actual possession; and I hereby authorize and empower the said E. M. Andrews, or his agent, to enter the premises wherever said furniture may be, and take and carry the same away. It is also further understood that I may at any time within said time purchase the said furniture by paying for the same the sum of $296.25 as the price thereof, and if I do so purchase and pay for the same, then, and in that case only, the rent therefor paid shall be deducted from the price thereof. Said renting may be terminated at the option of the said E. M. Andrews, or his agent, at any time if the rent is not paid as above agreed.

"I hereby waive all benefit from homestead and exemption laws.

"Signed by A. E. Drake on the 14th day of April, 1886."

The plaintiff objected to the admission of the same upon the ground that it had not been proven and registered.

The defendant Andrews contended that this writing was only evidence of a contract of *hiring* that the law did not require to be registered.

The Court sustained the objection and the defendant assigned this as error.

There was a verdict and judgment for the plaintiff, and the defendant Andrews appealed.

*Messrs. R. H. Battle* and *S. F. Mordecai,* for the plaintiff.
*Messrs. Platt D. Walker* and *A. Burwell,* by brief, for the defendant.

MERRIMON, J., (after stating the case). It is unnecessary that we shall consider what effect the clause of the contract of lease set forth above, under which the plaintiff claims title to the property mentioned in the complaint, would have as between the plaintiff and the defendants, the Drakes, if the latter had obtained the title to the property subsequent to the execution of the contract, because, in our judgment, they had no such title, so far as appears, to the same, as enabled them to sell it to the plaintiff, or any other person.

There was no objection to the agreement in writing between the *feme* defendant and the defendant Andrews, offered by the latter in evidence on the trial, except that it was not registered, and we must therefore interpret it simply with a view to determine whether or not it is such an instrument as requires registration to render it operative for all proper purposes.

The important words of it, taken in their connection, do not imply a sale absolute or conditional, of the property therein mentioned; it does not purport by its terms or nature to be a contract of sale, nor is it such in legal effect. It plainly appears from its terms and purpose to be a contract of hiring for compensation, stipulated to be paid· at the time specified. The contract is one of bailment of the class denominated *locatio rei,* by which the hirer gets the temporary use of the thing hired. The leading distinguishing words employed in the contract are: "I have agreed to hire said furniture for the term of," &c. The mere fact that it is stipulated that the defendant Andrews might put an nd to the term of hiring, if the compensation should note

FOREMAN *v.* DRAKE.

be paid at the several times specified, or for the causes mentioned, could not change the nature of the contract, nor does such a stipulation have the effect to render the transaction a conditional sale of the property. There is no reason why the contract of hiring may not have conditions, upon the happening of which it shall or may be terminated. Nor does the stipulation that the *feme* defendant might purchase the furniture during the term of the hiring, effect the nature of the contract. We can see no reason why it should. It might be that the course or fortunes of her business would lead or enable her to do so—it might be otherwise.

Moreover, this stipulation goes to show that the parties did not contemplate a sale by contract of any kind or nature.

By the terms of the agreement the *feme* defendant had the right at any time during the term of hiring to purchase the property for a price, substantially the sum of money agreed to be paid as compensation for the use of the property. This seems to be a singular stipulation, and suggests a want of good faith in some way, but of itself it cannot change the nature and defeat the purpose of the contract. There may be some reason for it that we do not see. It is not suggested nor does it appear that the whole transaction was a sham and a fraud. We pass upon the instrument as it appears by its face. A contract of "conditional sale," and a contract of hiring, conditional in its provisions, are essentially different in their respective natures and purposes. The latter need not be in writing, and when it is, it need not be registered. The former, to be effectual against creditors and subsequent purchasers for value, must be in writing and registered. (*The Code*, § 1275).

There is therefore error, and the appellant is entitled to a new trial.

*Venire de novo.*