WILCOX BROS. et al. v. CHERRY & SWINDELL and SMITH-COURTNEY COMPANY.

(Decided October 25, 1898).

### Conditional Sale.

While parties, acting in good faith may make a valid contract of lease with the option of purchase, yet where it is obvious that the contract is put into the form of a lease for the purpose of evading the registration laws, or with other unlawful intention—it will not be upheld as such, to the prejudice of innocent purchasers.

*Foreman* v. *Drake*, 98 N. C., 311, overruled,

CIVIL ACTION heard before *Norwood, J.*, at May Term, 1898, of HALIFAX Superior Court, upon exceptions to report of referee.

The Smith-Courtney Company had furnished Fenner Bros. certain articles of machinery under a contract as claimed by them of renting or hiring—payments to be made monthly and to be concluded in six months. If paid in full in that time, the title to pass, if not, the renting to be terminated at the option of the company. Payment in full was not made within the six months, and the time was extended.

Fenner Bros. becoming indebted to the plaintiffs, Wilcox Bros., secured them by a mortgage on this property, which was sold by the trustee, and the defendants, Cherry & Swindell became the purchaser and secured the purchase by a mortgage on the property, which was not paid in full, and this action is brought to foreclose. All parties interested are embraced in the suit.

The referee reported, that the original transaction between the Smith-Courtney Company and Fenner Bros. was a conditional sale and had never been registered. His Honor confirmed the report, and adjudged that the title passed from Fenner Bros. to Cherry & Swindell, and decreed a foreclosure to pay their debt to plaintiffs.

Smith-Courtney Company appealed.

*Messrs. Thos. N. Hill* and *MacRae & Day*, for appellant.

*Messrs. Gilliam & Gilliam*, for Cherry & Swindell.

*Messrs. R. O. Burton* and *E. L. Travis*, for plaintiff.

DOUGLAS, J.: In 1892 Fenner Bros. obtained from the Smith-Courtney Company two lots of machinery,

and subsequently executed two paper writings, the essential parts of which are as follows:

"This certifies that J. H. Fenner and D. C. Fenner, doing business under the name of Fenner Bros. . . . have received of Smith-Courtney Company . . . the following articles of personal property, to-wit: . . which we are at liberty to use with care, keeping the same in good order. We have agreed to hire the said above personal property for the term of six months from this date, and to pay for the same the sum of *six hundred and thirty four and 94–100 dollars* as *rent* therefor in the following manner: . . . . .

It is also further understood that we may at any time within the time above specified *purchase* the said personal property by paying therefor the sum of *six hundred and thirty four dollars and ninety four cents*, as the price thereof, and if we do so purchase and pay for the same then and in that case only, the *rent* therefor paid shall be *deducted* from the *price* thereof.

Said renting may be terminated at the option of said Smith-Courtney Company, or their agents, at any time, if the rent is not paid as above agreed, and at the time above specified"

The second paper is similar to the first, except as to its date, the description of the machinery and the amount of rent. In both papers the amount of rent for six months' use is exactly equal to the purchase price. Neither of them was registered. Thereafter, in December, 1892, Fenner Bros. gave to Wilcox Bros. their note for $5,000 and to secure the same executed to E. L. Travis, trustee, a deed conveying the machinery now in question. In May, 1895, the defendants, Cherry & Swindell, purchased the property from Fenner Bros. at the price of

123—6

$2500, Wilcox Bros. and the trustee joining in the bill of sale. They simultaneously executed to Travis, as trustee for Wilcox Bros., a new deed of trust conveying the same property to secure the unpaid balance of the purchase money. Of that balance there is now due the principal sum of $514.50, to recover which this action was brought.

The Court below held that the two contracts in question executed by Fenner Bros. to Smith-Courtney Co. were conditional sales, and were intended as security for the purchase price of the property described in them, and gave judgment accordingly. The Smith-Courtney Co. appealed from this ruling, thus directly presenting to us the only point in the case.

We think that this case is directly governed by that of *Manufacturing Co.* v. *Gray*, 121 N. C., 168, the opinion in which met, and still meets our unqualified approval. We are satisfied from a bare inspection of the paper itself that it was intended to be a conditional sale, and was put in the form of a lease to avoid the registration laws, or possibly to work an unjust forfeiture, neither of which can meet our approval. Both are frauds in law. The registration laws are intended to prevent fraud by giving notice to the world of the exact conditions upon which property is held, so that it may not be used as a basis of fictitious credit or fraudulently conveyed to innocent purchasers.

Based upon the highest principles of public policy, they should be beneficially construed; and any mere evasion of their essential provisions must be deemed a fraud in law. We have carefully considered the case of *Foreman* v. *Drake*, 98 N. C., 311, and in so far as it conflicts with this opinion, it is hereby overruled. In that case the true nature of the transaction was evidently

not· understood by the Court, as is evident from the following passage in the opinion: "By the terms of the agreement the *feme* defendant had the right at any time during the term of hiring to purchase the property for a price, substantially the sum of money agreed to be paid as compensation for the use of the property. This seems to be a singular stipulation, and suggests a want of good faith in some way, but of itself it cannot change the nature and defeat the purpose of the contract. *There may be some reason for it that we do not see.* It is not suggested, nor does it appear that the whole transaction was a sham and a fraud."

In the case at bar, that it is a "sham" is shown by the evidence and found by the referee and the Court below. Fenner, one of the contracting parties, testifies that it was intended as a sale, while Smith, practically the other contracting party, testifies to facts that make it a sale. A contract, from *contrahere contractum*, is a bringing together or meeting of two minds to a common intent, of which the written instrument is the legal evidence. In this case the common intent was evidently a sale of the machinery in such a way as to secure the purchase money. This seems evident to us from the face of the instrument itself, even if we exclude all testimony. We cannot imagine that a business man of common sense would *rent* property upon exactly the same terms upon which he could buy it, and we do not find any rule of interpretation which requires us to place upon a contract a construction which would indicate that at least one of the contracting parties was mentally incapable of contracting.

In *Greer* v. *Church*, 13 Bush, 430, 433, where the facts were similar to those in this case, the Court says: "If however the writing upon its face shows that the

transaction was a sale and not a renting, it is immaterial what name the parties choose to give it. The sum of $400 for one month's rent of an instrument valued by both parties at $550 is preposterous . . . There can be no room to doubt that the real transaction was intended to be and was a sale, and that the device of calling it a renting was resorted to in order to secure the payment of the $150 of purchase money not paid in hand." In *Hervey* v. *Locomotive Works*, 93 U. S., 664, 672, the Court says: "Nor is the transaction changed by the agreement assuming the form of a lease. In determining the real character of a contract, Courts will always look to its purpose rather than to the name given to it by the parties. If that purpose be to give the vendor a lien on the property until payment in full of the purchase money, it is liable to be defeated by creditors of the purchaser who is in possession of it."

For this position there is abundance of authorities. *Puffer* v. *Lucas*, 112 N. C., 377; *Clark* v. *Hill*, 117 N. C., 11; *Barrington* v. *Skinner*, Ibid, 47: *M'f'g. Co.* v. *Gray*, *supra;* 6 Am. & Eng. Enc. of Law, (2nd Ed.) 447.

We do not wish to be understood as saying that parties, acting in entire good faith, cannot make a valid contract of lease with the option of purchase. Such a case is not now before us. The judgment is affirmed.

Affirmed.