THOMAS v. COOKSEY.

(Filed April 8, 1902.)

1. HUSBAND AND WIFE—*Married Women—Sales—Vendor and Purchaser.*

Where a married woman obtains possession of personal property under a conditional sale, and suit is brought therefor after breach of condition, it is no defense that she is a married woman.

2. JUSTICES OF THE PEACE—*Sales—Jurisdiction—Married Women—Action ex Delicto—The Code, Secs. 1274, 1275.*

An action for the repossession of personal property by the seller in a conditional sale, is an action *ex delicto*, and may be brought before a justice of the peace where the value does not exceed fifty dollars.

THOMAS v. COOKSEY.

ACTION by Thomas & Mercer against L. M. Cooksey, heard by Judge *O. H. Allen,* at October Term, 1901, of the Superior Court of NEW HANOVER County.    From a judgment for the defendant, the plaintiff appealed.

*L. V. Grady,* for the plaintiffs.
*W. J. Bellamy,* for the defendant.

FURCHES, C. J.    This is an action for the possession of certain articles of personal property now in possession of the defendant, commenced in a Justice's Court.    The plaintiffs were the owners of this property, which they let the defendant have, or allowed her to retain, under the following written contract:

"Ledger, No. . . .                     Salesman, Mercer.
        "THOMAS & MERCER, No. 5 Market Street,
                "Wilmington, N. C., September 11, 1899.

"This certifies that I, Mrs. L. M. Cooksey, have rented of Thomas & Mercer (a firm consisting of A. S. Thomas and W. T. Mercer) one oak suit, one spring, one mattress, thirty-five yards matting, four shades, two tables, one sofa, one mattress, amounting to thirty-five dollars, on the following conditions: That I will pay said Thomas & Mercer on said goods one dollar per week until the above amount shall be paid in full, and any neglect on my part to pay said rent, when due, shall entitle said Thomas & Mercer or their assigns to repossess said article or articles without hindrance or process of law.    I forfeit all that has been paid on said article or articles as rent for and during the time the said property has been in my possession; and I further agree to protect and keep in good order the above-named article or articles, and I will not move said article or articles without the written consent of said Thomas & Mercer or their assigns.        L. M. COOKSEY.    (L. S.)"

This contract was made on the 11th of September, 1899,

and this action was commenced on the 13th of August, 1900; and while it appeared that plaintiffs had often demanded payment thereon, the defendant had paid nothing at the time of the commencement of the action.

The defendant was a married woman at the time she signed the contract, but her husband had left her some time before that, and was in the State of Pennsylvania. He wrote her two or three letters after she signed the contract and sent her some money, but she did not know where he was at the time of the trial.

Upon these facts the Court found that she was a married woman and had not been abandoned by her husband, and was not a freetrader under Section 1832 of The Code; and that if the plaintiffs had any right to recover possession of the property, it was equitable in its nature and a Justice of the Peace had no jurisdiction of the matter, and as the Justice had no jurisdiction the Court had none on appeal from the Justice, and dismissed the plaintiff's action.

Neither the rulings nor the judgment of the Court below can be sustained. The plaintiff's right to recover possession of this property did not depend upon the defendant's right to make the contract of 11th of September, 1899. It was not an action upon the contract to enforce the contract, but an action *ex delicto* for the possession of the property. It is true that if the defendant had any defense it was under the contract, as it might bind the plaintiffs, although the defendant might not be able to make a contract that would bind her. But when we examine the contract, it is seen that the defendant expressly authorizes the plaintiffs to take possession of the property upon her failing to comply with the terms and stipulations therein contained; and as it is not claimed or pretended that she had done this, she can claim no protection or benefit from the contract under which she was allowed to retain the property.

The fact that she had been married, and probably has a husband living, can not protect her. This can not enable her to hold the property of the plaintiffs against their lawful demand. If it could, all that a married woman would have to do would be to get possession of someone' else's property, and the owner would be without remedy and helpless. *Heath v. Morgan,* 117 N. C., 504.

So far as the plaintiff's right to recover is concerned, it makes but little difference whether this contract is considered a bailment, as in *Foreman v. Drake,* 98 N. C., 311, or as a conditional sale, as in *Wilcox v. Cherry,* 123 N. C., 79, as the plaintiffs would be entitled to recover, whether it is considered the one or the other.

But we think it is a conditional sale under the doctrine of *Wilcox v. Cherry,* 123 N. C., 79, which, in express terms, overrules *Foreman v. Drake,* 98 N. C., 311. Being a conditional sale, the title never passed out of the plaintiff to the defendant. This has, without exception, been held to be the law in this State, at least since the case of *Gaither v. Teague,* 26 N. C., 65, including *Brem v. Lockhart,* 93 N. C., 191, and many other cases. The Act of 1883, Secs. 1274 and 1275, of The Code, providing for the registration of conditional sales did not change the law as between the original parties. This statute placed them on the same footing as chattel mortgages, which only protects creditors and purchasers. *Brem v. Lockhart,* 93 N. C., 191. This being so, it only remains to be seen whether a Justice of the Peace had jurisdiction of the matter or not; and this seems to be settled by *Moore v. Brady,* 125 N. C., 35, where it is held that a Justice of the Peace has jurisdiction in such cases when the property sued for does not exceed fifty dollars.

It is true the defendant says she thought the plaintiffs were giving her this property, and that she thought the paper she signed was a receipt; and while it seems there was abundant

evidence, including her own admissions, that she had written to the plaintiffs for further time in answer to their demand for payment, we would hold that this should have been submitted to the jury, but for the fact that she testified that she could read and write, and admits that she signed the paper. And while she says that she thought it was a receipt for the goods the plaintiffs were giving her, she does not say that the plaintiffs told her it was a receipt, or said anything to her to cause her to think so, and no fraud is alleged, unless her laches in not reading the paper can be construed into a fraud. This will not be done. *Lytle v. Byrd,* 48 N. C., 222; *Sanders v. Hatterman,* 24 N. C., 32; 37 Am. Dec., 404.

There is error.

New trial.