### CORBITT BUGGY CO. v. RICAUD.

(Circuit Court of Appeals, Fourth Circuit. February 15, 1909.)

No. 859.

1. BANKRUPTCY (§ 140*)—CONTRACT—CONSTRUCTION—DISTINGUISHED FROM CONDITIONAL SALE.

A contract by which vehicles were furnished by petitioner to the bankrupt provided that the title should remain in petitioner, his successors and assigns, until the purchase price had been paid, and that any note or notes executed to petitioner should not be considered payment unless fully paid, but that the title to the goods covered by the notes should remain in petitioner, and, in case of a sale of any or all of the goods, the proceeds arising therefrom should be held in trust for petitioner as the money arising from the sale of goods belonging to it. *Held*, that the contract was not a conditional sale, but created a trust in favor of petitioner, which was enforceable as against the bankrupt and his trustee without being recorded.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

2. SALES (§ 465*)—CONDITIONAL SALES—REGISTRATION.

Under the laws of North Carolina, a conditional sale is good between the parties without registration.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1353; Dec. Dig. § 465.*]

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Wilmington.

This is an appeal from a decision and judgment of the District Court in a proceeding in bankruptcy affirming the findings of fact and conclusions of law of George H. Howell, Esq., one of the referees in bankruptcy.

The controversy arises on a petition of the Corbitt Buggy Company against A. G. Ricaud, who had been duly appointed trustee of John L. James, bank-

rupt, seeking to recover from said trustee 22 buggies, or their proceeds, which had been delivered by the Corbitt Buggy Company to the bankrupt, John L. James, a few days prior to his making a voluntary assignment for the benefit of creditors, and under the contract hereinafter set out. The petition was referred to George H. Howell, Esq., who made the findings of fact set out in the record, and held as a conclusion of law that the petitioner was not entitled to recover the buggies, or their proceeds, from the trustee in bankruptcy, which decision was, as hereinbefore said, affirmed by the District Court upon exceptions filed by the petitioner to the decision of the referee and a petition to review the same. The controversy arises upon the proper construction of the contract between the Corbitt Buggy Company and the bankrupt, John L. James. The essential portions of that contract are as follows:

"It is expressly understood by and between the Corbitt Buggy Company and the undersigned that the title to the goods above described and ordered sent to the undersigned shall be and remain in the Corbitt Buggy Company, its successors and assigns, until purchase price has been fully paid. And any note or notes executed to the Corbitt Buggy Company shall not be considered as payment unless the same are fully paid; but the title to the goods covered by said notes shall remain in said company. In case of sale of any or all of said goods, the proceeds arising therefrom shall be considered and held in trust for said company as money arising from the sale of goods belonging to the company."

George Rountree (Herbert McClammy and Rountree & Carr, on the briefs), for appellant.

Thos. W. Davis, for appellee.

Before PRITCHARD, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

PRITCHARD, Circuit Judge (after stating the facts as above). In disposing of the case of the Walter A. Wood Company v. Eubanks, Trustee of Implement & Supply Company (decided at this term of the court) 169 Fed. 929, we considered and passed upon every material point involved in this controversy, and therefore do not deem it necessary to enter into a discussion of those matters which have already been determined.

The contract relied upon in this instance is not, in our opinion, a conditional sale, therefore it does not come within that class of instruments required by the North Carolina statute to be registered. It clearly creates a trust in favor of the grantor, and by its provisions the vendee holds the property, or the proceeds of the sale thereof, for the sole use and benefit of the vendor until his debt is paid. Even if this contract were a conditional sale, under the laws of North Carolina such sale would be good inter partes without registration. In this instance the trustee occupies the same relation to the vendor that the bankrupt sustained prior to his adjudication as a bankrupt.

We have carefully considered the contentions of the parties with respect to the matters in dispute in this proceeding, and are of opinion that the court below erred in its ruling affirming the report of the referee; therefore we are of opinion that the petitioner is entitled to the relief sought to be obtained in this proceeding.

For the reasons stated in the case of Walter A. Wood Company v. Implement & Supply Company, supra, and the cases cited in support thereof, and also the case of York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, the judgment of the District

Court is reversed, and this case is remanded to that court with instructions to proceed in accordance with the views herein expressed.

Reversed and remanded.

MORRIS, District Judge (concurring). I concur that the judgment appealed from should be reversed. The contract between the vendor (the Corbitt Buggy Company) and the vendee (John L. James, the bankrupt) was a contract by which the property was sold and delivered to the bankrupt, with the agreement that the title thereto should not pass to the bankrupt, but should remain in the vendor until the purchase price was fully paid. There was added to the contract a stipulation that, in case of sale by the vendee, the proceeds should be held in trust for the vendor; but this stipulation, as it appears to me, never became effective, for there were no sales, the specific property having remained undisposed of and having come into the possession of the trustee in bankruptcy.

A sale with the condition that the title to the goods shall not pass to the vendee until the goods are paid for is a valid condition, except as controlled by local statutes. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285; Dunlap v. Mercer, 156 Fed. 545–548, 86 C. C. A. 435. It was also held in the York Manufacturing Company Case that the adjudication in bankruptcy was not equivalent to a judgment, attachment, or other specific lien upon the property of the bankrupt, and that the trustee of the bankrupt was vested with no better right or title to the bankrupt's property than belonged to the bankrupt at the time when the trustee's title accrued, in cases unaffected with fraud.

Under the law of North Carolina, conditional sales are required to be reduced to writing and registered with the same legal effect as chattel mortgages. As to chattel mortgages, it is provided by the North Carolina statutes that, to pass any property as against creditors or purchasers for a valuable consideration, chattel mortgages should be registered. And it has likewise been held in North Carolina that a conditional sale is good inter partes without registration. In the case of Williams v. Jones, 95 N. C. 506, the court said, "There is no principle better settled than that, as between the parties, a mortgage is valid without registration." Leggett v. Bullock, 44 N. C. 283. And it is so laid down in Jones on Mortgages. "Of course," says that author, "the recording of a mortgage is not necessary as against the mortgagor, and, even in those states where it is provided by statute that a mortgage should be recorded within a specified time, it is still valid between the parties until registered." Section 107. And it is maintained by the same author, in section 545:

"That a mortgage may be recorded after the death of the mortgagor, if he has in his lifetime made a delivery of it. His general creditors cannot, for that reason, claim that the mortgage was inoperative as against them. Such a mortgage is good and binding upon the heir in like manner as upon the mortgagor, and the same principle applies to chattel mortgages. Neither the heir in one case, nor the administrator in the other, is a third person, but represents the intestate, and has no better title than he had."

Jones on Chattel Mortgages, § 239:

"The same principle applies to the assignees in bankruptcy. Though they are held to be trustees for the creditors, yet they stand in the place of the bankrupt, and they can take in no better manner than he could. They take subject to whatever equity the bankrupt was entitled to."

In Thomas v. Cooksey, 130 N. C. 148–151, 41 S. E. 2, 3, the court said:

"But we think it is a conditional sale under the doctrine of Wilcox v. Cherry, 123 N. C. 79, 31 S. E. 369, which in express terms overrules Foreman v. Drake, 98 N. C. 311, 3 S. E. 842. Being a conditional sale, the title never passed out of the plaintiff to the defendant. This has without exception been held to be the law in this state, at least since the case of Gaither v. Teague, 26 N. C. 65, including Brem v. Lockhard, 93 N. C. 191, and many other cases. The act of 1883 (sections 1274, 1275, of the Code) providing for the registration of conditional sales, did not change the law as between the original parties. This statute put them on the same footing as chattel mortgages, which only protects creditors and purchasers. Brem v. Lockhard, 93 N. C. 191."

We take it to be the settled law of North Carolina, with regard to conditional sales as with chattel mortgages, that although unrecorded they are good as between the parties and as against creditors who have no specific lien, and are therefore good as against the bankrupt's trustee.

This is in accordance with the general rule of construction, which is thus stated in Am. & Eng. Enc. Law, vol. 24. p. 125:

"By the express provisions of many of the recording acts, their protection is extended to creditors of the grantor, mortgagor, or other apparent owner. Usually such provisions, whether limited in their terms to lien creditors or simply specifying creditors generally, are held to apply to such creditors only as have effected a lien on the conveying debtor's property by attachment, judgment, or otherwise before the recordation of the prior conveyance."

Also, 5 Am. & Eng. Enc. Law, 1016. See, also, In re New York Economical Printing Co., 6 Am. Bankr. Rep. 615–618, 619, 110 Fed. 514.

It appears from the record that the 22 buggies in question were delivered to the bankrupt only a few days before he made a general assignment for the benefit of his creditors, so that it cannot be said that any creditor of the bankrupt trusted him upon the faith of his possession of the property in question. The general assignment for the benefit of creditors was avoided and set aside by the adjudication in bankruptcy, and therefore can have no effect upon the question in issue in this case.