F. D. HICKS v. MARSHALL KING ET AL.

(Filed 1 April, 1909.)

1. **Lessor and Lessee—Contracts to Convey—Sale of Land—Installments—Landlord's Lien—Foreclosure.**

    When, under an agreement of lease of lands, containing also a contract to convey the same upon payment of a stipulated rental for a specified period, in full, the lessor treats the lease as continuing after default, he is entitled as lessor to the landlord's lien for rent; but when he puts an end to it by seeking to resume possession, the lessee can assert his equity under the contract to convey, and cause the land to be sold, to be applied to the balance due for the purchase money.

2. *Same—Prompt Payment of Installments—Default—Equity—Time of the Essence.*

    Contracts for sale on installments are similar to mortgages, and the equity is not destroyed by stipulations for prompt payment of the rent or installments of the purchase price; for, upon default, the debtor is entitled to have the balance ascertained, a sale ordered, and to receive the surplus, if any.

3. **Contracts to Convey—Sale of Land—Installments—Foreclosure—"Balance Due."**

    When the full period for installments has passed at the time of judgment ordering the sale of the property under a contract for sale on installments, it is necessary only to deduct the payments made, and direct a sale to pay the balance due; but as to installments not then due, the present value thereof only is a charge against the purchaser.

APPEAL from *Lyon, J.,* at November Term, 1908, of DUPLIN.

On 1 January, 1907, the plaintiff leased his farm, in writing, to the defendant (a colored man) for the term of ten years, at a yearly rental of five bales of good middling cotton, of 500 pounds each, with a further provision that if said rent was promptly paid, together with the taxes on the land, then the defendant could become purchaser of the land upon payment of fifty bales more, with provision for forfeiture if any installment of rent is not promptly paid by lessee, and right of re-entrance thereon. During the first five years the defendant one year paid his rent, one year he overpaid 1,500 pounds of cotton, and the other years he fell behind; but the plaintiff did not assert the right to re-enter till the end of the fifth year, at which time the

defendant was in arrears, for the five years, $63.51. On 30 December, 1901, the plaintiff began this action for recovery of the land and balance due on rent. A receiver was appointed, who rented the land to the defendant, pending litigation. The cause was referred to A. McL. Graham, upon whose report the judge rendered judgment for the balance of rent due to date and for the value of the additional fifty bales of cotton, and ordered that upon nonpayment of above sum the property be sold for payment thereof and costs, including allowances to receiver and referee. The plaintiff appealed.

*E. K. Bryan* and *H. E. Faison* for plaintiff.
*Stevens, Beasley & Weeks, Rountree & Carr, Walter Clark, Jr., Aycock & Winston* and *Bunn & Spruill* for defendants.

CLARK, C. J. The appeal presents practically but one point. The plaintiff contends that the court should have held that punctual payment of rent was of the essence of the contract, and that upon default the plaintiff was entitled to re-enter and take possession. But this would ignore the other features of the contract.

This case is almost identical with *Crinkley v. Egerton,* 113 N. C., 444, which held that as long as the lessor treated the lease as continuing he was entitled as lessor to the landlord's lien for rent; but that whenever he put an end to it by seeking to resume possession the defendant could assert his equity under the contract to convey, and could cause the land to be sold. Similar contracts have been construed to be contracts to convey. *Puffer v. Lucas,* 112 N. C., 377; *Clark v. Hill,* 117 N. C., 11; *Barrington v. Skinner, ib.,* 47; *Jones v. Jones, ib.,* 254; *Manufacturing Co. v. Gray,* 121 N. C., 168; *Wilcox v. Cherry,* 123 N. C., 79; *Thomas v. Cooksey,* 130 N. C., 148; *Hamilton v. Highlands,* 144 N. C., 283.

When, as here, the full period for installments has passed at the date of the judgment, it is necessary only to deduct the payments made and direct a sale of the property to pay the balance due. When there are installments which have not fallen due, the present value only of such should be charged against the purchaser. Contracts for sale on installments are similar to

mortgages. In neither is the equity destroyed by the stipulation for prompt payment, but the debtor is entitled to have the balance ascertained and a sale ordered, and to receive surplus, if any.

Affirmed.