# BALTIMORE CITY COURT.

Filed December 26, 1919.

SINGER SEWING MACHINE COMPANY, INC.,

VS.

JOSIE HANDEN AND L. LOWENTHAL.

*William J. O'Brien, Jr.*, and *Willis R. Jones* for plaintiff.

*William L. Stuckert* for defendant.

SOPER, J. (DOBLER and GORTER, JJ., concurring)—

This is an action of replevin for the recovery of possession of a sewing machine. The Singer Sewing Machine Company, by an agreement in writing,

leased or sold the machine on January 4, 1917, to the defendant Josie Handen, who promised to make certain monthly payments. Upon her failure to make the payments as agreed the company sought to take back the machine, when it was discovered that Josie Handen had sold and delivered it to her co-defendant, L. Lowenthal, who had no notice of the terms of the contract by which she came into possession of the machine in the first place.

The case turns upon the character of the written contract. If it is a lease the title to the machine remained in the company, and the defendant, Handen, having no title, could convey none to the defendant, Lowenthal. In such case the company would be entitled to recover possession of the machine in this action. If, on the other hand, the contract is not a lease, but a conditional sale, then, although it controls as between the parties thereto, it does not protect the vendor from the claims of a third party (in this case Lowenthal) who has bought the property from the vendee without notice of the conditional character of the title.

Ever since the decision in Hall vs. Hinks, 21 Md. 406, it has been familiar law in Maryland, dissimilar in this respect from the law in most other states, that a bona fide purchaser of goods without notice of the condition upon which his vendor has acquired possession, will be protected against the claim of the original vendor in the same manner where the original sale and delivery are conditional as where possession has been obtained by fraud; that is to say, the bona fide purchaser without notice takes a good title, which the original vendor cannot impeach.

See also Lincoln vs. Quinn, 68 Md. 299, and The Winton Company vs. Meister, 133 Md. 318.

Under the present statute law, however, to be found in Chapter 355 of the Acts of 1916, the original vendor may protect himself by recording the contract. The act provides:

"Every note, sale or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved until the same be paid in whole or in part, or the transfer of title is made to depend upon any condition therein expressed, and possession is to be delivered to the vendee, shall, in respect to such reservation and condition, be void as to third persons without notice until such note, sale or contract be in writing, signed by the vendee, and be recorded in the clerk's office of Baltimore City, or the counties, as the case may be, where bills of sale are now recorded; and such recording shall be sufficient to give actual or constructive notice to third persons when a memorandum of the paper writing, setting forth the date thereof, the amount due thereon, when and how payable and a brief description of the goods and chattels therein mentioned shall have been recorded, but it shall not be necessary that said paper writing be acknowledged or an affidavit made to the consideration therein expressed as in the case of bills of sale."

The contract in the case at bar was not recorded, and therefore it is doubly important to determine its character. The contract was in the following words:

"This agreement, made this day of January 4, 1917, between Singer Sewing Machine Company, Inc. (whose corporate existence and right to sue are hereby admitted), herein called the "owner" (which term shall include its successors and assigns), of the one part, through its shop at.............. and Josie Handen, of 2213 Preston Place, herein called the "lessee," of the other part.

"Witnesseth, that the owner agrees to let to the lessee on a monthly hiring the Singer sewing machine and accessories described as style 66-160, No. G 4216274, and in consideration thereof the lessee acknowledges receipt of said machine and accessories in good order and agrees:

"a. To pay the owner at said shop, rent in advance as follows: The sum of two dollars, for which a receipt bearing the number 497442 has been given, and which, with the allowance for old machine of..............dollars, if any, shall be for the rent of the first month, and the sum of two dollars cash on the 4th day of each month thereafter until the sum of $54 in cash has been paid, including the first payment above mentioned.

"b. To keep the machine and accessories in good order and undefaced (theft, damage and loss by fire included), fair wear only excepted, and at all times to allow the owner's agents and servants, or any other person employed by it, to inspect the same.

"c. To keep the machine and accessories in the lessee's own custody as bailee at the above-mentioned address, and not to remove them without the owner's previous consent in writing, and to return the same in good order at the termination of this lease.

"d. That if the lessee does not duly perform this agreement, the owner may (without prejudice to its rights to recover arrears of rent and damages for breach of this agreement) summarily terminate this lease and retake possession of the said machine and accessories, and for that purpose leave and license is hereby given to the owner and its agents and servants, or any person employed by it, to enter any premises occupied by the lessee or of which the lessee is tenant, to search for and retake possession of the said machine and accessories, without notice, and without being liable to any suit, action, indictment or other proceeding by the lessee, or any one claiming under him or her.

"e. That when this lease is terminated, or the said chattel is in any manner repossessed by the owner, the lessee shall not on any ground whatever, statutory or other, be entitled to any allowance, credit, return or set-off for payments previously made, but all such payment theretofore made shall be retained by the owner as compensation for the use thereof, and the lessee hereby waives the provisions of the personal property law of this State.

"f. That time, indulgence or concession granted by the owner shall not alter or invalidate this agreement.

"g. The lessee agrees that the value of the rented machine is $54. And allowance for the old machine, if any, $............... Net value, $54.

"h. Lessee hereby acknowledges receiving a true and correct copy of this lease.

"The owner agrees:

"1. That the lessee may terminate this lease by delivering up to the owner the machine and accessories.

"2. That the lessee may, at any time before the termination of this lease, become the purchaser of the machine and accessories, by payment in cash of the herein written net value.

"3. That if such purchase be effected, credit will be given for all cash payments previously made under this agreement.

"4. If full payment is made within a period of one month from date of this agreement, a discount of 20 per cent. will be allowed.

"5. If full payment is made within a period of three months from date of this agreement, a discount of 15 per cent. will be allowed.

"6. If payments are made, regularly upon this account, at the rate of $5 per month, a discount of 10 per cent. will be allowed.

"Witness the hands of the parties:

"Singer Sewing Machine Co., Inc.,

"By M. Walker.

"Lessee's signature: Josie Handen.

"Witness: M. Litvack.

"Address: 2824 Hudson St.

"Notice to Person Signing This Lease. Read the terms of this lease before signing it, as no statement, settlement, agreement or understanding, verbal or written, not contained therein will be recognized."

The company contends that this agreement is manifestly a lease, because (1) it specifically provides for a lease for a specified time at a fixed rental; (2) it provides a fair rental of only $2.00 per month; (3) the lessee agrees in clause (c) of the agreement to return the machine in good order at the termination of the lease, and finally (4) the lessor is authorized in clause (d) to terminate the lease and retake possession of the machine in case of default on the part of the lessee.

These provisions clearly import a lease of the property, and if they were the only terms of the agreement and the consideration, there might be no difficulty about the decision in this case. Similar contracts in other jurisdictions have been held to be leases. Indeed, in some states, contracts containing similar provisions, together with an option in the lessee to purchase the property at an agreed valuation, and to credit on the purchase price the prior payments of rent, have been held to be valid leases, although the agreed valuation did not exceed the sum total of the rent payments. For authorities to support these propositions, see the following cases: Ditman vs. Cottrell, 125 Penn. 606; Lippincott vs. Scott, 198 Penn.

283; Puffer Manufacturing Co. vs. Dearman, 54 Southern (Miss.) 310; Evans Furniture Co. vs. Meyers, 77 Southern (Ala.) 418; Singer Sewing Machine Co. vs. Independent Manufacturing Co., 141 N. Y. Supp. 48; Forman vs. Drake, 98 N. C. 311; Ludden vs. Hornsby, 45 S. C. 111; Singer Sewing Machine Co. vs. Wolf, 70 N. J. L. 127.

However, these cases do not represent the settled policy of the respective states in which they were issued. In New York, for instance, the cases of the Cutler Mail Shoe Co. vs. Crawford, 152 N. Y. Supp. 750, and Bramhall-Deane Co. vs. McDonald, 158 N. Y. Supp. 736, make it clear that in New York it is the manifest intention, disclosed by the terms of the instrument, which controls the question under discussion. Forman vs. Drake, 98 N. C. 311, has been overruled by the subsequent cases of Clark vs. Hill, 117 N. C. 11, and Wilcox vs. Cherry, 123 N. C. 79. In South Carolina the case of Singer Sewing Machine Co. vs. Smith 40 S. C. 529, is perhaps more pertinent to the case at bar than the case of Ludden vs. Hornsby, above cited. It was decided in New Jersey, in the case of Lauter Co. vs. Eisenreath, 77 N. J. L. 323, that a contract in all respects similar to the contract in the case at bar, created a conditional sale and not a lease, as was decided in the case of Singer Sewing Machine Co. vs. Wolf, supra, in which case the contract did not contain some of the material provisions of the contract in the case under discussion.

The defendant Lowenthal in the case at bar contends that the contract is one of conditional sale, and relies for this conclusion particularly upon the concluding paragraphs of the contract, numbered from (1) to (6), and constituting agreements on the part of the Singer Sewing Machine Co. The most significant is the paragraph No. 2, which provides that: "The lessee may at any time before the termination of this lease become the purchaser of the machine and accessories by payment in cash of the herein written net value." The agreed value of the machine is $54. The lease is dated January 4th, 1917, and acknowledges the receipt of $2.00 in cash on that date, and provides for the payment of rent in advance at the rate of $2.00 in cash on the 4th day of each successive month until the full sum of $54 is paid. It is

therefore apparent that the lease was to run for twenty-seven (27) months, and that the lessee would have paid the agreed value of $54 on the 4th day of the last month, when, if the paper is a lease, thirty (30) days of the term still remained to be enjoyed by the lessee. But upon making his last payment in accordance with the contract, he would have paid the full agreed value of the machine before the termination of the lease, and therefore became the purchaser and owner of it. It does not appear that there is any answer to this contention. Manifestly the parties, although using the terms appropriate to a lease, actually intended purchase, because the compliance by the lessee with the terms of the lease inevitably gave him also absolute title to the property.

It is clear that there is nothing in the name which the parties may have given to the instrument. As was said in Heryford vs. Davis, 102 U. S. 235, "What then is the true construction of the contract?" The answer to this question is not to be found in any name which the parties may have given the instrument, not alone in any particular provisions it contains, disconnected from all others, but in the ruling intention of the parties, gathered from all the language they have used. It is the legal effect of the whole which is to be sought for. The forms of the instrument is of little account." The manifest intention of the contract, taking it as a whole, is that the so-called lessee should make the agreed payments and keep the machine, not that he should fail to make the payments and return the machine, or lose it at the option of the option of the company. It cannot, therefore, be a bailment for hire. A bailment is a delivery of goods on a condition, expressed or implied, that they shall be restored by the bailee to the bailor, or according to his directions, as soon as the purpose for which they were bailed shall be answered. Williams on "Personal Property," 17th Edition, page 56.

Of course, it is possible to frame a lease containing a privilege in the lessee for the purchase of the property at an agreed price without thereby destroying the character of the contract as a lease, and converting it into a contract of conditional sale, but in such a case the rent would constitute compensation for the use of the property

and would bear an appropriate relation to the value of the article and would not, in its aggregate payment, at one and the same time constitute compensation for the use of the article and for complete title thereto; unless, indeed, the article and its use were of such a character that at the time of the expiration of the lease it would be valueless, or nearly so.

As was said in the case of Wilcox vs. Cherry, 123 N. C., p. 79, overruling Forman vs. Drake, 98 N. C. 311: "In this case the common intention was evidently a sale of the machine in such a way as to secure the purchase money. This seems evident to us from the face of the instrument itself, even if we excluded all testimony. We cannot imagine that a business man of common sense would *rent* property upon exactly the same terms upon which he could buy it, and we do not find any rule of interpretation which requires us to place upon a contract a construction which would indicate that one at least of the contracting parties was mentally incapable of contracting."

Again, in the case of Lucas vs. Campbell, 83 Illinois, p. 447, involving the sale or lease of a sewing machine, the Court said: "We are aware of no usage in any department of business where the property leases becomes, by agreement, that of the lessee at the end of the term. Such a custom or usage prevails in no department of business outside of the sale of these machines and a few others, so far as our knowledge extends. Such companies are not believed to be so generous as to give their machines even to the most needy and meritorious. This form of instrument seems intended as a substitute for a chattel mortgage, and to create a lien on the machine sold, without the expense or inconvenience of the execution of a chattel mortgage, and like such an instrument, to give power to the company to resume the possession on default in the payment of any installment, and to protect the property from sale, lien or encumbrance by the purchaser or his creditors."

It is urged by the plaintiff company that the rental of $2.00 a month is only a fair and moderate compensation for the use of the machine. The amount is, of course, small, but nevertheless it is, in the view of the company, sufficiently large to entitle the purchaser to own the machine absolutely after

he pays the rent for twenty-seven (27) months. The installment payments are therefore more reasonably viewed as payments on account of the purchase price, particularly as there is nothing to show that sewing machine becomes valueless in the ordinary course in this period of time.

The conclusion is that the contract in this case is a contract for the conditional sale of the machine, and this conclusion seems to be supported by the great weight of authority in this country, as is shown by the following cases: Parke vs. White River Lumber Co., 101 Cal. 37; Guth Piano Co. vs. Adams, 114 Maine 390; Cowan vs. Singer Manufacturing Co., 92 Tenn. 376; Singer Manufacturing Co. vs. Cole, 72 Tenn. 439; Murch vs. Wright, 46 Ill. 487; Hurnanen vs. Nicksa, 228 Mass. 346; Greer vs. Church, 13 Bush (Ky.) 434; Oaks vs. Singer Sewing Machine Co., 87 S. E. Rep. 719; Whitcomb vs. Woodworth, 54 Vt. 544; Hines vs. Roberts, 48 Conn. 267; Baldwin vs. Van Wagner, 22 W. Va. 293; Gerrish vs. Clark, 64 N. H. 492; Unmack vs. Douglas, 75 Conn. 633; Cottrell vs. Bank, 89 Ga. 508, and the note to the case of Fleet vs. Hurtz, 94 A. S. R. 192.

The plaintiff, however, contends that in this jurisdiction the rulings of the Baltimore City Court, in its appellate jurisdiction in the consideration of magistrate appeals, have been uniformly to the effect that contracts of this character are leases and not sales. Citation is made of an opinion of Judge Gorter in the case of Singer Sewing Machine Co. vs. The Lend-A-Hand Bank, filed on August 26, 1910. In this case Judge Gorter was considering a contract similar in some respects to the case now under discussion; but containing none of agreements on the part of the owner numbered (1) to (6), contained in the contract in this case. In other words, in the case of the Lend-A-Hand Bank, the contract provided for the rental of the machine at the rate of $3.00 for the first month, and $2.00 cash on the 17th day of each month thereafter for twenty-three (23) months, and was absolutely silent as to what should become of the machine at the end of that period. The Lend-A-Hand Bank, who had advanced money on a mortgage given it upon the machine by the lessee, endeavored to prove by oral testimony that the

agent of the Sewing Machine Co. agreed with the lessee that when all the payments were made the machine should belong to her. Judge Gorter held that this evidence was inadmissible, and that the contract was a lease. The distinction between that case and the present one is manifest, and is made particularly clear by the two New Jersey cases above cited—Singer Sewing Machine Co. vs. Wolf, 70 N. J. L. 127, and Lauter Co. vs. Eisenreath, 77 N. J. L. 232. In the first of which a contract similar to the contract in the case of the Lend-A-Hand Bank was held to be a lease, and in the second of which a contract in all respects similar to the contract in the instant case was held to be a conditional sale. Further reference is made to a decision of Judge Dobler, filed February 5, 1917, in the case of the Singer Sewing Machine Co. vs. Levin. In this case the contract was similar to the contract in the case at bar, and it was held by Judge Dobler, citing the opinion of Judge Gorter, to be a lease. It does not appear from the brief opinion of the court whether or not the case was argued at length, or whether the attention of the court was drawn to the then recent act of the Legislature of 1916, Chapter 355, requiring conditional sales to be recorded.

Finally, the plaintiff company cites the decision of the writer in the case of Singer Sewing Machine Co. vs. Dunphy and Simon, in which the court found a verdict in favor of the Singer Sewing Machine Co. that would have been impossible unless the court had construed the contract to be a lease and not a conditional sale. The question raised in this case was not raised in the case of Dunphy and Simon, and the court did not have the advantage of the elaborate and careful briefs that have been filed by counsel representing the respective parties in the case at bar. In any event, the decision in the case of Simon and Dunphy was incorrect, and should not be followed here.

The conclusion of the court, therefore, is, that the contract is one of conditional sale, which under the terms of the Act of 1916 should have been recorded, and not having been recorded, it affords no protection to the Singer Sewing Machine Co.; and the defendant Lowenthal acquired good title

when he purchased the machine from the defendant Handen.

The verdict in favor of the defendant, Lowenthal, was therefore correct, and the motion for new trial is hereby overruled.